### The Inhabitants of DANVERS *versus* THE COMMISSIONERS OF HIGHWAYS for the County of ESSEX

Where the damages occasioned by laying out a road were estimated by a committee, and their report was accepted by the Court of Sessions, but the road was not worked before the *St.* 1825, *c.* 171, took effect, it was *held*, that the commissioners appointed under that statute having determined to construct the road, it was their duty to estimate the damages anew, in order that they might be paid by the county.

It was *held* also, that by *St.* 1827, *c.* 77, (repealing the former statute,) the authority of the Commissioners over such road continued until it snould be finally and conclusively acted upon by them.

AT the term of this Court held in Middlesex in October, 1827, the inhabitants of the town of Danvers presented a petition, in which they state, that in obedience to the order of the Court of Sessions for the county of Essex, a committee located a certain new road in Danvers and made return of their doings at the April term, 1826, of that court, together with their estimate of the damages occasioned to the several proprietors of land over which it passed, which return was then accepted by that court, and the town was ordered to make and finish the road in fifteen months from that time, and to pay the damages estimated as above mentioned; and that no part of the road was made or worked on the 1st of July, 1826; that in September following the commissioners of highways took supervision and review of the road, and have since proceeded in the construction and working of the same; that the commissioners, though requested, have made no estimate of the damages occasioned to the several proprietors of the land, but that the damages which the Court of Sessions ordered to be paid, are still existing demands against the town : — and the petitioners pray for a rule to the commissioners, to show cause why a mandamus should not issue from this Court, commanding them to complete the supervision and review of the road and to make an estimate of the damages occasioned there by, and to certify the same to the Court of Sessions.

A rule was granted accordingly; and at this term the com missioners, in showing cause, stated that the estimate of dam ages by the committee, being accepted by the Court of Ses

sions before July 1, 1826, was obligatory on the town, and all damages sustained by individuals were by law due from the town, and the commissioners had not legal authority to assess or re-assess the same. They further stated, that they had contracted for working and finishing the road.

*Saltonstall* and *Gerrish* insisted, that the commissioners had no authority to re-assess the damages. A debt had become due to the owner of the land from the town ; it was a vested right, and an attempt by the legislature to make one corporation liable for the debt of another, would be unconstitutional. The intention of *St.* 1825, *c.* 171, in relation to roads located but not worked, is merely that the commissioners shall complete what the Court of Sessions have left unfinished. Suppose the town had paid the damages assessed, must the county pay them over again upon a re-assessment ?

*Proctor*, for the petitioners, cited *Gedney* v. *Tewksbury*, 3 Mass. R. 310.

The opinion of the Court was drawn up in the vacation, by PARKER C. J. A rule to show cause having issued previous to the last term, on which the commissioners made a return, showing their reasons for not proceeding to the estimate of damages due to individual owners of land through which the several roads were laid out, the chief reason being that the subject matter had been acted upon under authority of the Court of Sessions, before the passing of the statute which transferred the jurisdiction over highways to the commissioners, the return was adjudged insufficient, because by *St.* 1825, *c.* 171, § 5, it is enacted, that the several counties shall pay the damages sustained by any person or corporation in their real estate by laying out, &c. any highway, and in the same section it is provided, that all roads laid out but not worked at the time this act takes effect, shall be subjected to the supervision and review of the commissioners, and the commissioners shall have all the powers, and the counties shall be subjected to all the liabilities, in reference to such roads, as are provided for new roads by this act.

It is stated in the petition, and not contradicted in the return of the commissioners, that the road mentioned in the petition, though laid out before the passing of that statute,

was not worked.    So that the jurisdiction of the Court of Sessions over it was transferred to the commissioners, and it became their duty, in order that the damages might be paid by the county, as is required by the statute, to estimate the damages anew, and certify the same, as is prescribed.    The statute above referred to having been repealed, and the powers of the commissioners having been transferred to a new tribunal not yet constituted, it became necessary to ascertain whether there was any provision for cases pending under the repealed statute ; and we find there is the most full and explicit provision for a continuance of authority in the commissioners appointed under the repealed statute, in regard to all cases relating to roads which had not been finally and conclusively acted upon by them.    *St.* 1827, *c.* 77.    We are to treat the commissioners then, in the same manner as if the last statute had not passed ; and they having shown no sufficient cause for neglecting to estimate the damages, a peremptory mandamus must issue, to enforce the execution of their duty as set forth in the proceedings in this case.[1]

---

[1] See *Boxford* v. *County Commissioners of Essex County,* 7 Pick. 337 *Springfield* v. *County Commissioners of Hampden,* 10 Pick. 59.